**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------

Mervin Robert Hadden,

    v                               07 Civ. 7909 (PKC)

Michael B. Mukasey,
   Attorney General.

--------------------------------

*[Handwritten endorsement: Any further response by Petitioner will be filed by April 11, 2008. Thereafter the matter will be deemed fully submitted. SO ORDERED. /s/ [Judge] USDJ 3-18-08]*

Request for Tolling of Time to Reply,
also Reply to the Government's Opposition
to Hadden's Petition for Writ of Habeas Corpus

    Mervin Robert Hadden moves in the above captioned action seeking to suspend relevant time to be able to file a timely reply to the submitted government's opposition to his petition for habeas. As well, Hadden herein below has elaborated his reply.

## Tolling of Time to Reply

    Hadden in support of his request for tolling represents: Hadden was served with the government's opposition at stake on or about January 17, 2008, while he was at the Federal Medical Center in Devens, Massachusetts, but the next day he was in transit back to the Federal Correctional Institution at Otisville, New York. However, previously to reach his destination, Hadden was held in the Metropolitan Detention Center at Brooklyn, New York, subsequently he arrived at FCI Otisville on February 20, 2008. Thereafter on February 28, 2008, Hadden

received his legal material. Consequently, in view of his above representation, Hadden avers that the lapse of time within JAN 18'09 to FEB 28'08 should be excluded from the computation limiting the time for filing, allowing him to submit a timely reply.

### Hadden's Reply to the Government's Opposition to His Petition for Writ of Habeas Corpus

The government, in this action, has submitted two issues as opposition to Hadden's petition for relief under 28 USC §2241. However, these government's issues in opposition are faulty on account of the following:

### Hadden did not Waive the Right to Review the Surveillance Video

The government argues that Hadden has waived any right he might had to present the surveillance video, because he never requested the opportunity to view or present the surveillance video footstage during the disciplinary proceedings.

However, even when the surveillance video was not part of the hearing attended by Hadden, the Disciplinary Hearing Officer relied, as inculpatory evidence, on the SIS Lt. Clooney's memorandum which is based on the surveillance video. Precisely as result of the foregoing, during the appeals from the DHO action, Hadden asked to view it because the sequences of events preserved in the surveillance video belie the representation of same given

-2-

by Lt. Clooney. In this regard, it is clear that Hadden did not waive his right to view the surveillance video; just the opposite he unsuccessfully requested to view the surveillance video.

### The DHO's Determination Lacks Confidence

The DHO's finding is based on specific evidences which are the product of Bureau of Prisons' staffs. For the reason that the only detached surveillance video evidence has been ruled out from review but it has been considered by the DHO as it was represented by a BOP's staff. Whose conclusory version of the surveillance video went unchallenged, in light of the BOP arbitrarily denied Hadden's request for access to view the surveillance video which will bolster Hadden's argument that he was assaulted.

### Hadden Should be Allowed to View the Surveillance Video

Hadden during the appeals before the Regional and National levels, of the prison disciplinary proceedings, requested to view the surveillance video to establish the inaccuracies of the evidence against him, on account of the DHO had considered Lt. Clooney's memorandum. which is a version of the surveillance video. Nonetheless, Hadden's request was arbitrarily denied under the allegation that the DHO in reaching his determination did not rely on the surveillance video and Hadden was therefore not entitled to view it. In this way Hadden was restricted to

-3-

challenge the accuracy of the evidence against him and prevented from bringing forward exculpatory evidence, since the surveillance video contains prove that Hadden was assaulted.

### The Failure to Disclose the Surveillance Video Violates Hadden's Due Process Rights

The Title 28 of the Code of Federal Regulations, Section 541.19, and the Bureau of Prison's Program Statement, PS270.07, establishes that the appeals from the DHO's action are part of the Prison Disciplinary Proceedings. As such, is a due process violation the BOP's refusal to disclose the exculpatory surveillance video evidence requested by Hadden, during the appeals at the regional and national levels, where he sought to refute the decision of the DHO stemming from the incident report No. 1577342.

In support Hadden refers the Court to Chavis v Rowe, 643 F.2d 1281, 1285-86 (7th Cir. 1981)(Holding that official's failure to disclose materially exculpatory evidence in a prison disciplinary proceeding violates the inmate's due process right and is not harmless error.); also Howard v United States Bureau of Prisons, 487 F.3d 808, 813-15 (10th Cir. 2007)(Prisons officials' refusal to produce and consider videotape, which prisoner contended would exonerated him as to disciplinary charges, violates prisoner's due process rights).

### Conclusion

-4-

In consideration to the above reasons and his previous submission, Hadden prays the Court to grant the requested relief.

*[signature]*
MERVIN ROBERT HADDEN #00897-055
PO BOX 1000
OTISVILLE, NY 10963

## Certification of Service

This certify that on this 9th day of March of 2008, it was mailed a true copy hereof to Michael J. Garcia, US Attorney at 86 Chambers Street, Third Floor, New York, NY 10007.

As well, on this day the original was mailed to this Court via certified mail #7003 2260 0004 9651 6665.

*[signature]*
MERVIN ROBERT HADDEN #00897-055