UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MERVIN ROBERT HADDEN,

                         Plaintiff,                    07 Civ. 7909(PKC)

                -against-

                                                       MEMORANDUM
                                                       AND ORDER

MICHAEL B. MUKASEY, et al.,

                         Defendants.
-------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

             Petitioner Mervin Robert Hadden is presently serving a sentence of 132

months imprisonment, which was imposed by the United States District Court for the South-

ern District of Florida.  As a person in federal custody, he petitions for a writ of habeas cor-

pus, pursuant to 28 U.S.C.§ 2241, asserting that he was denied due process of law at a prison

disciplinary hearing at USP New Canaan and that the denial resulted in loss of good-time

credits which will effectively increased the length of his imprisonment by 27 days.[1]  Specifi-

cally, he asserts that he was entitled to review the video surveillance tapes of the inmate-on-

inmate fight with which he was charged.  For the reasons set forth herein, the petition is de-

nied.

                                     I.

             As a result of an incident occurring on September 26, 2006 at 1:35 p.m., Had-

den was charged with "Fighting with Another Person"  A "counselor" working at the USP

New Canaan asserted that he saw Hadden and Sagastume, another inmate, engage in a fight:

---

[1] At the time he filed the petition, he was incarcerated at FCI Otisville, an institution within this District. As of
January 14, 2008, he had been transferred to FMC Devens.  According to the Bureau of Prisons, he has a pro-
jected release date of November 4, 2008. (Cunningham Decl.¶¶ 2-3.)

"Inmate Sagastume was retreating and throwing punches[;] inmate Hadden was chasing Sagastume and throwing punches with both hands. Inmate Sagastume then retrieved a weapon, a lock attached to a web belt, and struck inmate Hadden numerous times in the head and neck area." (Incident Report.)

A disciplinary hearing was conducted on October 19, 2006.  According to the Hearing Officer's Report, Hadden was provided with written notice of the charge on October 2.  He waived his right to staff assistance or representation.  An advice of rights form signed by Hadden on October 3 informed him of, among other rights, "[t]he right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized. . . ."

Hadden made a statement at the hearing in which he asserted that he was hit from behind by Sagastume and that he, Hadden, was not hitting him but was blocking him. He said he got close to Sagastume so that he "couldn't get a good swing at me."  The altercation arose, according to Hadden, over each inmate's desire for the bottom bunk.

According to the Hearing Officer's Report, Hadden did not request the appearance of any witnesses.  The Hearing Officer considered, as part of the record, the Incident Report by the counselor, an Investigation Report by a Lieutenant and the Inmate Injury Assessments for both inmates.  In the Investigation Report, a memorandum dated September 27, 2006, the Lieutenant asserted that he had reviewed the surveillance video of the fight and described what he saw on the video which corroborated the "counselor's" version of the incident, including that Hadden "was chasing Sagastume and throwing punches with both hands."  The video, itself, was not offered or received into evidence at the hearing.  As noted by the Hearing Officer, Hadden suffered multiple injuries in the fight and Sagastume did not. Nevertheless, based upon the "greater weight of the evidence," the Hearing Officer sustained

the charge and imposed the sanctions of 15 days disciplinary segregation, 27 days disallow-ance of good conduct time, 180 days loss of visiting privileges; he also recommended a dis-ciplinary transfer.  The Hearing Officer's Report was given to Hadden who was informed of his right to appeal.

Hadden appealed.  The disciplinary finding and sanctions were upheld in the first instance by the "Regional Director" and, upon further review, by  the "Administrator, National Inmate Appeals."  Both reviewing officers noted that: "Video surveillance tapes were not relied on by the DHO in reaching his determination and you are therefore not enti-tled to review them."

## II.

Hadden asserts that he was denied due process in the course of the discipli-nary proceedings and was deprived of the right to present exculpatory evidence.  He specifi-cally complains of the BOP's refusal to produce the videotape of the incident.  The respon-dent asserts that Hadden made no request to review the videotape until after the hearing was concluded and the Hearing Officer's Report was issued.

An inmate is entitled to important due process protections at a hearing impli-cating the forfeiture of good time credit,  Wolff v. McDonnell, 418 U.S. 539 (1974).  Inmates are entitled to "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." Id. at 563. The advance notice must be at least 24 hours before the hearing.  Id. at 564. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly haz-ardous to institutional safety or correctional goals." Id. at 566.  The inmate is entitled to a fair and impartial hearing officer.  Sira v. Morton.  380 F.3d 57, 69 (2d Cir. 2004). "Where an

illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely

that the inmate will be able to collect and present the evidence necessary for an adequate

comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is

forbidden, to have adequate substitute aid in the form of help from the staff or from a suffi-

ciently competent inmate designated by the staff." Wolff, 418 U.S. at 570.  See Eng v.

Coughlin, 858 F.2d 889, 897 (2d Cir.1988)(circumstances requiring inmate assistance are not

limited to those mentioned in Wolff and extend to inmates in a segregated housing unit or

transferred to another facility).

       As a general proposition, due process requires that an inmate know the evi-

dence against him; the potential for violence or intimidation of other inmates or staff may

circumscribe that right if proper findings are made and the substance of the evidence is dis-

closed.  See generally, Sira, 380 F.3d at 74-76.

III.

       The record reflects that petitioner Hadden was afforded all of the due process

rights to which he was entitled.  He received written notice of the charges more than two

weeks in advance of the hearing.  He was offered but declined staff representation.  He was

informed of his right to call witnesses or offer written statements of unavailable witnesses but

elected not to offer any.  He made his own statement which was considered by the Hearing

Officer.  There is no challenge to the impartiality of the Hearing Officer.  Hadden received a

written copy of the Hearing Officer's decision and was informed of his appellate rights.

       The short answer to Hadden's complaint concerning the surveillance video-

tape is that it was not evidence offered against him and there is no indication that the Hearing

Officer ever viewed its contents.  The Lieutenant, who viewed the videotape, was not called

as a live witness but his identity and the contents of his memorandum were fully disclosed

and considered by the Hearing Officer. "Notably, there is no right . . .to confrontation at prison disciplinary hearings." <u>Sira,</u> 380 F.3d at 69 (citing <u>Wolff</u>, 418 U.S. at 563-567). Neither the Lieutenant nor the "counselor" participated in the fight and thus there was a basis to independently assess their statements as credible. <u>Sira,</u> 380 F.3d at 77. Petitioner made no request for the surveillance video in advance of or at the hearing and the first mention of his desire to obtain the video arises in the context of his administrative appeals. He has waived or forfeited his right to insist upon its production at the hearing. <u>See</u> <u>Bedoya v. Coughlin</u>, 91 F.3d 349, 353 (2d Cir. 1996)("The plaintiff's failure to request the witness's appearance prior to the close of the [of an inmate disciplinary] hearing, and his acquiescence in the hearing officer's decision to end the hearing, constituted a waiver of any right he may have had to call the witness.")

The reports of the "counselor" and the Lieutenant, corroborated in part by Hadden's own account which placed him in a dispute with and in close proximity to the other inmate, was evidence which supported the conclusion of the Hearing Officer. <u>See</u> <u>Superintendent, Massachusetts Correctional Institution, Walpole v. Hill</u>, 472 U.S. 445, 455 (1985)("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.").


IV.

This Court has considered all of petitioner's arguments. The petition is denied and the Clerk is directed to enter judgment in favor of the respondent

The certificate of appealibility provision, 28 U.S.C. § 2253(c), is inapplicable to this petition brought under 28 U.S.C. § 2241. <u>Drax v. Reno</u>, 338 F.3d 98, 106 (2d Cir. 2003) (citing <u>Murphy v. United States</u>, 199 F.3d 599, 601 n. 2 (2d Cir.1999)). With respect

to in forma pauperis status on any appeal taken from this Memorandum and Order (or the

resulting final judgment), the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any

appeal would not be taken in good faith.

        SO ORDERED.

                                                                P. Kevin Castel
                                         United States District Judge

Dated:  New York, New York
        June 3, 2008